TURNER *vs.* PLOWDEN, Adm'r. of LLEWELLIN.—*June,* 1830.

An action instituted by L, upon a single bill payable to "L, executor of B," is an action in his own right, to which a debt due from him may be pleaded, and proved as a set-off; and he cannot go into evidence of the consideration of the bill, to shew that it was given for a debt due B, in order to exclude the set-off as due in another right.

APPEAL, from *Saint Mary's* County Court.

This was an action of *debt*, instituted July 5th, 1825, by *John Llewellin*, in his life-time, against *Josiah Turner* the appellant, and *Henry Turner*, (whose death was suggested, while the cause was depending) on the following single bill signed by them.

" $203 75, on the 20th day of June, next, we promise to pay to *John Llewellin*, executor of *Jeremiah Boothe*, his heirs or assigns, or order, two hundred and three dollars, and seventy-five cents, with interest from date, &c. for value received. *January 25th, 1825.*"

Before the case was tried in the County Court, *Llewellin* died, when his administrator, *William H. Plowden*, the present appellee, appeared and became a party to the cause.

The defendant pleaded payment, and an account in bar for rent due from *Llewellin*, the intestate of the appellee; issues were joined upon these pleas.

1. At the trial, the defendant offered to read in evidence, the receipt of *William H. Plowden* to him for $200, dated February 16th, 1827, to which the plaintiff objected, and the Court, (PLATER, A. J.) sustained the objection. The plaintiff then offered evidence to prove, that the note, on which the action was founded, was given for property belonging to the estate of *Jeremiah Boothe*, and sold by the said *John Llewellin* as his executor. The defendant objected to the admissibility of this proof, but the Court (PLATER, A. J.) overruled the objection, and permitted it to go to the jury. The plaintiff then prayed the Court to instruct the jury, that if from the evidence in this cause, they should be of the opinion, that the rent charged in the account in bar was due from *John Llewellin* to the defendant, in his individual right, and not as executor, that then the defendant is not entitled to be credited with it in this action. The Court (PLATER, A. J.) gave the instruction as prayed, and the defendant excepted.

The verdict and judgment being for the plaintiff, the defendant appealed to the Court of Appeals.

The cause was submitted on notes by the appellant to BUCHANAN, Ch. J. EARLE, and MARTIN, J.

*Stonestreet,* for the apppellant,

1. The action being on a sealed note, the proof offered by the plaintiff to show its consideration, was inadmissible.

2. Although *Llewellin* is described in the note as the executor of *Boothe,* still the suit was brought, and correctly brought, in his, *Llewellin's* name ; and therefore a payment to *Llewellin,* or an account in bar against him, was competent evidence to defeat the action.

No counsel appeared for the appellee.

MARTIN, J. delivered the opinion of the Court.

The judgment in this case is reversed. The testimony offered by the plaintiff to prove the consideration of the bill, *under seal,* was not legal and proper evidence to go to the jury, and ought to have been rejected by the Court.

This action was instituted by *Llewellin,* in his own right, and not in his capacity of executor of *Boothe,* and if the rent charged in the account in bar, was due from him, as a debt *of his own,* and not in his representative character, it was a legal set-off in this suit.

The error of the Court below appears to have proceeded from a misconception of the nature of this action. The debt to be set-off, must be due in the same right with that claimed. If, as they supposed, *Llewellin* sued *as executor,* their instruction would have been correct; but the claim being in his own right, the prayer of the plaintiff ought not to have prevailed.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.